IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-0859-RPM-KLM

**FORREST DARYL TEMPLETON,**

    Plaintiff,

v.

**H. THOMAS FEHN, ORLY DAVIDI, GREGORY J. SHERWIN, individually, FIELDS, FEHN & SHERWIN, a California General Partnership, DALE K. HALL, individually, and CATLIN SPECIALTY INSURANCE COMPANY, a Delaware Corporation,**

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

The parties stipulate to the following protective order:

To protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case and to protect the confidential information of third parties that may be produced by the parties to this action, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" includes those items identified in FRCP, Rule 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests (1) relating to the representation of a client; (2) constituting or containing financial or other business or trade secret information of a demonstrably proprietary, confidential, or commercially sensitive nature; or (3) invading an individual's legitimate privacy interests. For purposes of this Order, this information shall be referred to as "Confidential Information." CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for the entity defendants;

2

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the

deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. The court, in addition to determining the adequacy of the designating party's contentions regarding confidentiality, may assess

expenses and sanctions based upon the considerations and criteria set forth in F.R.C.P, 37.

9. If any Party or person subject to this Order receives a court order, subpoena or other process demanding production of Confidential Information, that person or Party shall immediately notify the attorneys of the Designating Party of the document sought by the subpoena or other process or order, shall furnish those attorneys of record with a copy of the subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the Designating Party whose interests may be affected. The Designating Party shall have the burden of defending against the subpoena, process, or order. After such notice and the passage of at least forty eight hours or designated time for production, whichever is greater, the Party served the order, subpoena or other process, shall comply with his or her legal obligation to produce such documents, except to the extent the Designating Party has filed for or succeeded in obtaining an order modifying, staying, or quashing the subpoena, or other process.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy

CONFIDENTIAL documents, the destroying party shall provide the designating party with written confirmation of such destruction.

11.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

The above and foregoing is approved and entered as an Order of this court on this _____ day of _____, 201_.

_____
Richard P. Matsch
United States District Court Judge

Respectfully submitted this _____ day of December, 2012,

CRISTIANO LAW, LLC

s/ Francis V. Cristiano
Francis V. Cristiano, Esq.
Cristiano Law, LLC
8101 E. Prentice Avenue, Suite 1000
Greenwood Village, CO 80111
Telephone No.: 303-407-1777
Email: frank@cristianolaw.com

KENNEDY CHILDS PC

s/ John R. Mann
John R. Mann, Esq.
KENNEDY CHILDS PC
633 17th St., Ste. 2200
Denver CO 80202
jmann@kennedychilds.com

FIELDS, FEHN & SHERWIN

s/ Gregory J. Sherwin
Gregory J. Sherwin, Esq.
FIELDS, FEHN & SHERWIN
11755 Wilshire Blvd., 15th Flr.
Los Angeles CA 90025
gregsherwin@ffandslaw.com

6

CONFIDENTIAL documents, the destroying party shall provide the designating party with written confirmation of such destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

The above and foregoing is approved and entered as an Order of this court on this _____ day of _____, 201_,

_____
Richard P. Matsch
United States District Court Judge

Respectfully submitted this _____ day of December, 2012,

CRISTIANO LAW, LLC

*s/ Francis V. Cristiano*
Francis V. Cristiano, Esq.
Cristiano Law, LLC
8101 E. Prentice Avenue, Suite 1000
Greenwood Village, CO 80111
Telephone No.: 303-407-1777
Email: frank@cristianolaw.com

KENNEDY CHILDS PC

*s/ John R. Mann*
John R. Mann, Esq.
KENNEDY CHILDS PC
633 17th St., Ste. 2200
Denver CO 80202
jmann@kennedychilds.com

FIELDS, FEHN & SHERWIN

*Gregory J. Sherwin*
Gregory J. Sherwin, Esq.
FIELDS, FEHN & SHERWIN
11755 Wilshire Blvd., 15th Flr.
Los Angeles CA 90025
gregsherwin@ffandslaw.com

CONFIDENTIAL documents, the destroying party shall provide the designating party with written confirmation of such destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

The above and foregoing is approved and entered as an Order of this court on this 12th day of December, 2012

_____
Richard P. Matsch
United States District Court Judge

Respectfully submitted this ____ day of December, 2012,

CRISTIANO LAW, LLC

s/ Francis V. Cristiano
Francis V. Cristiano, Esq.
Cristiano Law, LLC
8101 E. Prentice Avenue, Suite 1000
Greenwood Village, CO 80111
Telephone No.: 303-407-1777
Email: frank@cristianolaw.com

KENNEDY CHILDS PC

s/ John R. Mann
John R. Mann, Esq.
KENNEDY CHILDS PC
633 17th St., Ste. 2200
Denver CO 80202
jmann@kennedychilds.com

FIELDS, FEHN & SHERWIN

s/ Gregory J. Sherwin
Gregory J. Sherwin, Esq.
FIELDS, FEHN & SHERWIN
11755 Wilshire Blvd., 15th Flr.
Los Angeles CA 90025
gregsherwin@ffandslaw.com

6