IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00859-RPM

FORREST DARYL TEMPLETON,

      Plaintiff,
v.

CATLIN SPECIALTY INSURANCE COMPANY and
DALE K. HALL,

      Defendants.
_____

ORDER AWARDING ATTORNEY FEES AND COSTS FOR APPEAL
_____

      Pursuant to the mandate from the United States Court of Appeals for the Tenth Circuit, remanding this civil action for further proceedings on the duty to defend claim against Catlin Specialty Insurance Company and for resolution of Mr. Hall's request for costs and attorney fees for defending the appeal, counsel for defendant Dale K. Hall filed a Motion for Award of Attorney Fees and Costs on October 19, 2015. (Doc. 168). The plaintiff filed a motion to strike that motion for failure to comply with the duty to confer imposed by D.C.Colo.LCivR 7.1(a) (Doc. 169), and a response in opposition to the motion. (Doc. 170).

      Rule 7.1(a) is not applicable because the motion for fees is an extension of the Rule 12(b)(6) motion and is in compliance with the mandate.

      The plaintiff argues in his response that the appellate court did not determine that Hall is entitled to fees. That argument is negated by the reference to C.R.S. § 13-16-113 and 13-17-201 in footnote 10 of the Order and Judgment. This court previously awarded Hall $3,301.10 for costs and fees for obtaining dismissal, applying C.R.S. § 13-17-201. That statutory directive is applicable to the appeal. The plaintiff's argument of unconstitutionality is not supported by any cited authority and is rejected.

      The plaintiff has challenged the reasonableness of the fees requested. He asserts that

the times spent on the tasks identified are excessive considering the issue on appeal was the sufficiency of the factual allegations concerning Mr. Hall in the amended complaint.

This court is compelled by controlling precedents to use the "lodestar" analysis in determining the reasonableness of the charges made to Hall by his attorneys as set forth in the Declaration of Attorney Jennifer Lynn Peters (Doc. 168-1) and the attached billing records of her law firm.

The plaintiff contends that the drafting of the Hall brief should have required no more than 25 hours rather than the 43.5 hours claimed and the rate should be $275/hr.

The only issue on appeal was whether Templeton's amended complaint adequately alleged the tort of negligent misrepresentation and the Court of Appeals held that the allegations were insufficient to allege a business transaction, a required element of that tort under Colorado law.

The Hall motion to dismiss included argument that the plaintiff failed to allege anything more than that Hall was relaying information given to him by the attorneys representing the company that employed Hall and the plaintiff. The motion was filed by Tamara A. Hoffbruhr Seelman of Gordon & Rees, LLP. This court's order of dismissal (Doc. 22) did not specify what elements of the tort of negligent misrepresentation were missing. The Court of Appeals did affirm on the ground that Hall's statements were not for the guidance of Templeton in a business transaction.

Hall's trial counsel moved for her fees, asking for $3,296.00, reporting 2.50 hours to draft the motion at a $300 per hour rate with very few hours on the other services, including the motion for fees.

Hall retained different counsel to defend the appeal by Hall. In the reply in support of their motion for fees and costs (Doc. 171) appellate counsel argue that the challenges to the reasonableness of the services provided should not be considered because the plaintiff has not produced any evidence to support his challenge. The plaintiff is not obligated to produce such

evidence.  This court has an independent obligation to determine a reasonable fee considering the factors in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974).  In *Hensley v. Eckerhart*, 461 U.S. 424 (1983) the Supreme Court recognized that the lodestar calculation of reasonable hours times a reasonable rate does not end the inquiry and that the fee may be adjusted upward or downward.

The question on appeal as to Hall was simple.  The case was complicated by the consolidation of that appeal with the summary judgments granted to the other defendants, resulting in a 60-page appellate opinion.  The Court of Appeals affirmed the Hall dismissal in three pages.

An award of $22,987.26 in fees for this appeal would be so disproportionate to the fees asked for and received by trial counsel addressing the same issue is unreasonable.  While the practices and procedures of the appellate court require time to present briefing and argument in a very different manner than in this court, the staffing of this case with three experienced lawyers and a young associate is excessive.  It is appropriate to reduce this fee application by fifty percent.  Accordingly, it is

ORDERED, that Forest Templeton shall pay to Dale K. Hall $11,494 for attorney's fees and $48.37 in costs.

DATED:   November 24th, 2015

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge